Federico Calaf, Plaintiff and Appellant, *v.* Juan G. Gallardo, Treasurer of Porto Rico, Defendant and Appellee.

No. 3969.   Argued November 5, 1926.—Decided January 14, 1927.

*Jaime Sifre, Horacio Franceschi* and *Diego O. Marrero* for the appellant. *Attorney General George C. Butte* and *Assistant Attorney General Arturo Ortiz Toro* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

This was a suit against the Treasurer of Porto Rico to recover taxes paid under protest. The District Court of San Juan dismissed the complaint because it believed itself without jurisdiction. The theory was that section 76, letter (*a*), of Act No. 74, approved August 6th, 1925, in its English text provided that actions of this kind should be brought in the "proper" court and that therefore by reason of the amount involved, being less than $500, the municipal court alone had jurisdiction.

Previously in *Pedro de Jesús* v. *Gallardo,* 34 P.R.R. 412, this court had decided that the words "in a court of competent jurisdiction" contained in Act No. 9 of June 23, 1924, a general tax law, meant the court that had jurisdiction by reason of the amount involved. There is no question therefore that if the English text of Act No. 74, *supra,* is to be followed the suit before us should be dismissed.

We are inclined to agree with the appellee that the remedy to be pursued must be governed by the latest law on the subject and that the legislature in referring to taxes due under previous laws was only referring to the obligation of the taxpayer to pay them, but as here income taxes were involved, we have no question that the suit was brought under

the special Act of 1925 and not under the general Act of 1924.

We come then to examine whether the said Act of 1925 contained any features distinguishing it from the general rule. The Spanish text, differently from the English, says *"Ante la Corte de Distrito correspondiente."* In a motion for reconsideration the appellant showed to the district court that the Income Tax Law was originally introduced in English, subsequently withdrawn and an entirely new text prepared and introduced in Spanish. Independently of the interpretation to be put upon laws by the manner of their introduction as provided by the Act of 1917, we think that when the Spanish text, which was really before both houses, fixed the remedy in the district courts, that was a clear evidence of the intention of the legislature.

Act No. 8 of November 12, 1917, pages 210 and 211 of Vol. II, 1917, provides:

"Section 1.—That in case of discrepancy between the English and Spanish texts of a statute passed by the Legislative Assembly of Porto Rico, the text in which the same originated in either house, shall prevail in the construction of said statute, except in the following cases: (*a*) If the statute is a translation or adaptation of a Statute of the United States or of any State or Territory thereof, the English text shall be given preference over the Spanish. (*b*) If the Statute is of Spanish origin the Spanish text shall be preferred to the English. (*c*) If the matter of preference cannot be decided under the foregoing rules, the Spanish text shall prevail."

Actually the Income Tax Act before us, as a matter of physical fact, originated so far as the legislature was concerned in Spanish and its interpretation should be governed by the Spanish text unless (*a*) *supra* applies. The argument is that the Income Tax Statute was a translation or adaptation of a statute of the United States. The act as originally introduced said the "proper" court, but this was deliberately changed in the Spanish text. It was similar to a local amendment. The general interpretation to be put

upon income taxes should follow the wording of the English text, but the particular court to be invoked is entirely a different matter peculiarly local. The court to be invoked does not fall within the spirit of Act No. 8 (a) *supra* and we doubt if the letter applies.

The judgment should be reversed and the case remanded for further proceedings.

Mr Justice Hutchison took no part in the decision of this case.

### ON RECONSIDERATION

Opinion of the Court delivered by Mr. Justice Wolf on February 7, 1927.

Among other reasons for a reconsideration the Treasurer says:

"That the construction put by this Court upon section 74 of the Income Tax Act of 1925 does away with any adequate remedy in law in cases of payment of income tax under protest, and the intention of the Legislature in passing the said Act was the same as iu passing Act No. 9 of 1924, that is, to prevent the bringing of injunction proceedings in the United States District Court for Porto Rico to restrain the collection of the taxes."

We are disposed to hold, assuming that the question is before us, that if the words "proper court" would leave it open to a taxpayer to present his claim in the District Court for the United States, the words "the respective District Courts" would equally avail such a taxpayer.

The other reasons for a reconsideration have been fully covered by our former opinion.

While this motion for reconsideration was pending the appellant filed a so-called "opposition" which we have not considered. A motion for reconsideration is generally an *ex parte* matter. If in a case the court decides to overrule it, then there is no reason to hear the other side and the case is disposed of more rapidly. If the court has some serious doubts, in one form or another, it will give the

opposite party a chance to be heard. By filing an "opposition" which the court considers, the opposite party is liable to convert an *ex parte* motion into an adversary one and thus delay the disposition of the case.